EMMA G. OSHRIN and Another, Appellants, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

First Department, May 13, 1932.

*Nathan Stieglitz* of counsel [*Charles Soble*, attorney], for the appellants.

*B. H. Ames* of counsel [*James L. Quackenbush*, attorney], for the respondent.

McAvoy, J.   Subdivision 5 of section 426 of the Civil Practice Act governs the question to be decided on this appeal, that is, whether the defendant waived its right to a trial by jury.

On February 2, 1932, the plaintiffs served their notice of trial for the March term, 1932.   They did not serve a demand for a jury trial.

On February 3, 1932, the defendant served a notice of trial for the same term.   It did not at that time serve a demand for a jury trial.

On February 24, 1932, the defendant served a demand for a jury trial, which, because of an intervening holiday, was within twenty days.

On the same day, February 24, 1932, the plaintiffs' attorney returned the defendant's demand for a jury trial on the ground that the defendant had waived its right to a jury trial.

The defendant's contention is that it was entitled to serve a demand for a jury trial within twenty days after the service of the plaintiffs' notice of trial notwithstanding the fact that it had served a notice of trial and had not demanded a jury trial when it did so.

Subdivision 5 of section 426 is to the effect that " A party may waive his right to the trial of the issue of fact by a jury   *   *   *   by failing to serve with his notice of trial a written notice demanding trial by jury and failing to file a copy of such latter notice with the county clerk within ten days after service thereof."

Defendant here failed to serve a notice demanding trial by jury with his notice of trial.   The statute says specifically that a party waives his right to a jury trial if he fails to serve a demand for a jury trial with his notice of trial, and makes no distinction whatever between plaintiffs and defendants.   Since a defendant can notice a case for trial and place it upon the calendar, there is no basis for a distinction between the parties as to the fact of waiver.   Subdivision 5 of section 426 in its first sentence is clear and conclusive.

The defendant has waived its right to a trial by jury even if its waiver was inadvertent, or if it misconstrued the statute.   The mode of waiver is prescribed and falling within its terms the defendant is precluded from a recall of its act.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, and the clerk should be directed to place the case on the non-jury calendar.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting).   As I interpret subdivision 5 of section 426 of the Civil Practice Act, a clear distinction is made

between the plaintiff and a defendant. Plaintiff by failing to serve with his notice of trial a written demand for a jury clearly waives his right to such a trial. The section further provides: " *Any other* party to the action may, within twenty days after the service of notice of trial upon him, *or* with his own notice of trial, serve upon the attorneys for all other parties to the action a notice demanding a jury trial   *   *   *." (Italics mine.)

The defendant's demand, having been served within the twenty days' period, was timely.

As the last sentence of subdivision 5 provides that the party first demanding a jury trial shall pay the jury fees, a legislative intent may properly be inferred that a party other than the plaintiff should have this two-fold opportunity. In ordinary circumstances the plaintiff having instituted the action should have the burden of the calendar and jury fees.

I, therefore, dissent and vote for affirmance.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and the clerk directed to place the case on the non-jury calendar.